IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,123-01






EX PARTE RODOLFO ALVAREZ MEDRANO








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. CR-0942-03-F IN THE 332ND JUDICIAL DISTRICT COURT


HIDALGO COUNTY






 Per Curiam. Keller, P.J., filed a dissenting opinion in which Keasler and
Hervey, JJ., joined. Meyers, J., dissented.


O R D E R



 Two motions are before this Court in relation to the filing of an application for
post-conviction writ of habeas corpus pursuant to the provisions of Texas Code of
Criminal Procedure article 11.071.

 In August 2005, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
article 37.071, and the trial court, accordingly, set punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Medrano v. State, No. AP-75,320 (Tex. Crim. App. Nov. 26, 2008)(not designated for publication).

 Pursuant to Article 11.071 §§ 4(a) and 4(b), the writ application should have been
filed in the trial court "not later than the 45th day after the date the state's original brief
[was] filed on direct appeal" with the possibility of receiving one 90-day extension. The
State's brief on direct appeal was filed in this Court on July 12, 2007. This made the due
date for filing the application no later than November 26, 2007, assuming a motion for
extension was both timely filed and timely granted. 

 However, a review of the record showed that although a motion for extension was
timely filed, it was not timely granted. Thus, when originally appointed counsel filed an
application in November 2007, it was not timely filed. Furthermore, other events
occurred in the case which created a conflict between that counsel and applicant. To
remedy the conflict, the convicting court removed the original counsel from the case and
substituted in new counsel. After reviewing the record in the case, this Court determined
that it should strike the pleading filed, adopt the trial court's appointment of new counsel,
and set a new filing date. Ex parte Medrano, No. WR-78,123-01 (Tex. Crim. App. Nov.
7, 2012)(not designated for publication). The new due date was set at 270 days from the
date of the order. (1) Counsel has now filed a motion for an extension in the case and a
motion to declare the application "timely filed as of November 26, 2009 to preserve [the]
federal statute of limitations[.]"

 Although counsel's explanation of good cause for needing additional time is weak,
we grant him the additional time he seeks. To be timely, applicant's habeas application
must be filed in the trial court on or before December 2, 2013, and no further extensions
will be entertained. With regard to counsel's second motion, we note that, according to
the trial court's order dismissing initial counsel, the deficient pleading that was
subsequently struck by this Court was filed on November 20, 2007. Had that document
been proper, applicant's federal statute of limitations would have been tolled. Because
applicant had no fault in his first counsel's failure to timely file a sufficient pleading, we
grant current counsel's motion to declare an application filed on or before the December 2
deadline to be timely filed as of November 20, 2007. 

 IT IS SO ORDERED THIS THE 31ST DAY OF JULY, 2013.


Do Not Publish
1. The new due date is Sunday, August 4, 2013, making the application timely if filed by
Monday, August 5, 2013.